**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN H. MCKOWN, IV, | No. 13-16099 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00810-SKO |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Submitted July 8, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

John H. McKown IV appeals the finding by the Interior Board of Land

Appeals (IBLA) that three unpatented mining claims, White Cap Nos. 1, 2, and 3,

to which he asserts an interest, are invalid for lack of discovery of a valuable

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

mining deposit. The district court affirmed the IBLA's decision on these Administrative Procedure Act (APA) claims. McKown also brought four separate, non-APA claims in district court, which were dismissed with prejudice; McKown argues that these claims should be dismissed without prejudice in the event the APA claims are valid. We have jurisdiction under 28 U.S.C. 1291, and we affirm.

"In reviewing decisions of the IBLA, this court exercises a limited standard of review." *Hjelvik v. Babbitt*, 198 F.3d 1072, 1074 (9th Cir. 1999). Under this standard, an agency's factual conclusions should be supported by "substantial evidence," which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal citations omitted). If the IBLA's decision "considered the relevant factors and articulated a rational connection between the facts found and the choice made," then the decision must be affirmed. *Pac. Coast Fed'n of Fishermen's Ass'ns. v. Blank*, 693 F.3d 1084, 1091 (9th Cir. 2012).

Where a mining claim is located on land withdrawn from mineral entry under the Wilderness Act, the claimant must prove discovery of a valuable mineral deposit at the time of a withdrawal, *see Wilderness Soc'y v. Dombeck*, 168 F.3d 367, 375 (9th Cir. 1999), and at the time of the contest hearing, *see Hjelvik*, 198 F.3d at 1074. "[T]o qualify as valuable mineral deposits, the discovered deposits

2

must be of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine." *United States v. Coleman*, 390 U.S. 599, 602 (1968) (internal quotation marks omitted). The government's evidence demonstrated "that there were no exposed minerals on White Cap Nos. 2-3 and that the cost to mine the exposed quartz outcrop on White Cap No. 1 would exceed the resale value of the silicon produced from the quartz, both when Congress removed the land from mineral entry in 1994 and at the time of the hearing." This evidence is sufficient to support the IBLA's conclusion that none of McKown's claims contained valuable mineral deposits. *See Hjelvik*, 198 F.3d at 1074.

Additionally, the legal description of the lands that Congress designated as part of the Kiavah Wilderness, and the official map that Congress used to designate the boundaries of the Kiavah Wilderness, provided substantial evidence for the IBLA to find that McKown's claims were included within the Kiavah Wilderness. The IBLA also had substantial evidence to conclude that the Forest Service had allowed McKown to use "motorized vehicles and contemporary equipment to access the claims and to collect samples."

Finally, substantial evidence supported the IBLA's conclusion that the Forest Service did not prevent McKown from taking core samples, as substantial

3

evidence instead supports the conclusion that the lack of core samples was McKown's fault as he failed to file the necessary paperwork with the Forest Service in order to drill and take core samples.

Lastly, the district court did not abuse its discretion by ordering McKown's non-APA claims dismissed with prejudice. On appeal, McKown makes clear that he only seeks reinstatement of such claims if we reverse the district court's ruling on his APA claims. We affirmed the district court's dismissal of the APA claims, and therefore affirm the district court's dismissal of McKown's complaint.

**AFFIRMED**